UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:11-CV-00074-JHM

GLENN COLLINS, et al.                                                        PLAINTIFFS

V.

JOHN M. McHUGH, SECRETARY OF THE ARMY, et. al.            DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants John McHugh, Secretary of the Army, Kevin Salvilla, and Peter Frick's Motion to Dismiss [DN 10]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** the Defendants' motion to dismiss.

I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 1949, 1950. Instead, the allegations must "'show[ ] that the pleader

is entitled to relief.'" <u>Id.</u> at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. BACKGROUND

Plaintiff Glenn Collins was a Park Ranger assigned to the U.S. Army Engineer District, Louisville, Operations Division, Barren River Lake, Louisville, Kentucky.  During his seventeen years of service Mr. Collins was routinely evaluated and reviewed.  After sixteen years of receiving satisfactory reviews, Mr. Collins received less favorable reviews over his final eighteen months of employment.  On May 25, 2007, Mr. Collins was given a notice of proposed removal that cited various grounds for his removal including his inability to meet certain performance objectives, to work as part of a team with other rangers, to establish effective working relationships with proposed members and customers, and to treat those same people with respect.  Mr. Collins responded in writing to the allegations and argued that he was being subjected to unfair treatment by his superior, Defendant Salvilla.

Mr. Collins's response and his allegations of unfair treatment were investigated by Defendant Frick, who was Defendant Salvilla's superior and the Acting Chief.  Following the investigation, Defendant Frick issued a letter to Mr. Collins advising him that he would be terminated from his position, effective October 2, 2007.  After Mr. Collins's termination, he filed an EEO complaint through the Army's EEO process.  An investigation and fact finding hearing was conducted by the Department of Defense Civilian Personnel Management Service Investigations and Resolutions Division.  The result of the investigation and hearing was a report issued on July 29, 2008, finding that there was no discrimination in Mr. Collins's termination.  Following the issuance of that report, the Department of the Army Equal Employment Opportunity and Complaints Review issued a final decision finding no discrimination on September 17, 2008.

On October 21, 2008, Mr. Collins filed a lawsuit in the Western District of Kentucky styled

2

Collins v. Geren, 1:08-cv-00154-JHM.  Named as Defendants in that action were Kevin Salvilla, Peter Frick, and then Secretary of Army, Pete Geren.  The Court interpreted the Complaint as alleging claims under Title VII and the Age Discrimination in Employment Act (ADEA).  The Defendants in that action moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  On March 23, 2011, this Court issued a Memorandum, Opinion and Order finding that Mr. Collins's "pleadings lack sufficient factual content on their face to allow the Court to draw the reasonable inference that the Defendants are liable for discrimination under Title VII or the ADEA[,]" and dismissing Mr. Collins's Complaint without prejudice.  See Collins v. Geren, 2011 WL 1106726, at *3 (W.D. Ky. March 23, 2011).

Mr. and Mrs. Collins filed the instant lawsuit on May 17, 2011, naming as Defendants Kevin Salvilla, Peter Frick and Secretary of Army, John M. McHugh.  In the instant suit, Mr. Collins has again alleged Title VII and ADEA claims.  However, for the first time, Mrs. Collins has alleged a loss of consortium claim as well.   Defendants have now moved to dismiss the Plaintiffs' claims contending that they are barred by the applicable statute of limitations.

### III. DISCUSSION

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).

Under Title VII and the ADEA, once a plaintiff receives a right-to-sue letter from the EEOC, he has ninety days to file his civil action.  See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e).  In the

3

instant case, Mr. Collins received his final decision/right-to-sue letter from the Department of the Army Equal Opportunity and Complaints Review on September 21, 2008. Mr. Collins filed his original Complaint on October 21, 2008, well within the ninety day limitations period. This Court dismissed his original Complaint for failure to state a claim on March 23, 2011. Fifty-six days after the dismissal of the original Complaint, on May 17, 2011, Plaintiffs filed the instant lawsuit. Defendants contend that because the instant suit was filed more than ninety days after the final decision/right-to-sue letter was issued that it is barred by the statute of limitations.

In Wilson v. Grumman Ohio Corp., 815 F.2d 26 (6th Cir. 1987), the Sixth Circuit Court of Appeals addressed the timeliness of a Title VII claim that was re-filed following its original dismissal without prejudice. While the original complaint had been filed by the plaintiff within the ninety day period, the second complaint was filed more than fifteen months after the plaintiff's receipt of her right-to-sue letter. Id. at 27. The Court of Appeals found that the filing of the original complaint did not toll the ninety day period, and that "a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during with the action so dismissed was pending." Id. (citing Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962)). The court in Wilson affirmed the district court's dismissal of the plaintiff's re-filed claim because it was barred by the ninety day statute of limitations. Id. at 28.

The instant case is similar in that Mr. Collins's original complaint was timely filed following his receipt of his final decision letter. However, the instant lawsuit was filed approximately 969 days after Mr. Collins received his letter. Given the Sixth Circuit's opinion in Wilson, that "a party cannot deduct from the period of the statute of limitations the time during with the action so dismissed was pending[,]" the Plaintiffs' Title VII and ADEA claims are time barred. See Wilson, 815 F.2d at 27.

4

In an effort to avoid this conclusion, Plaintiffs have attempted to invoke the Kentucky savings statute, K.R.S. § 413.270, which states in pertinent part that

> If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

K.R.S. § 413.270(1). However, when a federal statute contains a specific limitations period, a state savings statute cannot be applied to "save" the federal claim. See Burnett v. New York Central R.R., 380 U.S. 424, 432-33 (1965); Johnson v. Ry. Express Agency, Inc., 489 F.2d 525, 530 (6th Cir. 1973); Ester v. Amoco Oil Co., 65 F.3d 168, at *2 (6th Cir. 1995) (table decision); Canady v. Klaiber, 2007 WL 81858, at *3 n.1 (N.D. Ohio Jan. 8, 2007) (finding that a Title VII claim could not be saved by the Ohio savings statute).

The Court finds that the Kentucky savings statute is inapplicable here because 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(e) both contain a specific statute of limitations. Because Plaintiff's instant suit was filed more than ninety days after he received his final determination/right-to-sue letter, and because the Kentucky savings statute does not apply, the Court finds that Mr. Collins's Title VII and ADEA claims are time barred and are hereby dismissed.

Plaintiffs have also alleged a loss of consortium claim on behalf of Mrs. Collins. Under Kentucky law, a claim for loss of consortium is governed by a one-year statute of limitations. See K.R.S. § 413.140(1)(a). Furthermore, a wife's cause of action for loss of consortium accrues simultaneously with the claims of her injured husband. See Tomlinson v. Siehl, 459 S.W.2d 166, 168 (Ky. 1970). As the statute of limitations on Mr. Collins Title VII and ADEA claims began to accrue on September 17, 2008, so too did the limitations period on Mrs. Collins loss of consortium claim.

As the present action was not filed until May 17, 2011, it is barred by the statute of limitations found in K.R.S. § 413.140(1)(a).

While Plaintiffs also attempt to save this claim by invoking the Kentucky savings statute, the Court finds their argument unpersuasive.  The Kentucky savings statute allows a plaintiff, whose timely action was dismissed due to a lack of jurisdiction, to commence a new action in the proper court within ninety days.  See K.R.S. § 413.270(1).  In the instant case, Mrs. Collins was not a party to the original complaint.  Furthermore, her loss of consortium claim was not timely filed, nor was it dismissed for lack of jurisdiction.  In fact, this is the first time this claim has been raised.  Accordingly, the Court finds that K.R.S. § 413.270(1) does not apply and that Mrs. Collins's claim for loss of consortium is barred by the statute of limitations and is hereby dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants John M. McHugh, Secretary of the Army, Kevin Salvilla, and Peter Frick's Motion to Dismiss [DN 10] is **GRANTED**.

cc: counsel of record
Glenn Collins, pro se
Darlene Collins, pro se